749 F.2d 488
 1984-2 Trade Cases 66,307
 HENKE ENTERPRISES, INC., an Iowa corporation, Kenneth Henke
and Jean Henke, Appellants,
v.
HY-VEE FOOD STORES, INC., an Iowa corporation, a/k/a Drug
Town, Inc., and Allied Development Company, an
Iowa corporation, and Iowa Realty Co.,
Inc., an Iowa corporation, Appellees.
HENKE ENTERPRISES, INC., an Iowa corporation, Kenneth Henke
and Jean Henke,
v.
HY-VEE FOOD STORES, INC., an Iowa corporation, a/k/a Drug
Town, Inc., Allied Development Company, an Iowa
corporation, and Iowa Realty Co., Inc.,
an Iowa corporation, Appellees,
Ray N. Johnson, Appellant.
 Nos. 84-1421, 84-1464.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1984.
Filed Dec. 2, 1984.
 
 Jon P. Sullivan, Des Moines, Iowa, for appellants.
 Donald J. Polden, Des Moines, Iowa, for appellees.
 Before ARNOLD, FAGG, and BOWMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Henke Enterprises, Inc. (Henke) appeals an order granting defendants' motion for summary judgment. The district court granted the motion after concluding that Henke had no standing to maintain a private antitrust action under section 4 of the Clayton Act, 15 U.S.C. Sec. 15. We agree and affirm.
 
 
 2
 Henke operated a hardware store in a small shopping center on 22nd Street in West Des Moines, Iowa. Prior to November of 1979, Hy-Vee operated a grocery store in the same shopping center. This grocery store was the "anchor" tenant of and attracted many consumers to the shopping center. Henke's hardware store relied on these consumers as an important source of customers.
 
 
 3
 In December of 1979, Hy-Vee decided to relocate its grocery store in another shopping center on 35th Street in West Des Moines. Following this decision, Hy-Vee assigned its space in the 22nd Street shopping center to the Allied Development Company. As part of this assignment, Allied agreed to refrain from leasing or subleasing the property "for the purposes of any general retail food store."
 
 
 4
 After Hy-Vee left the 22nd Street shopping center, Henke's hardware store, which was the center's only remaining tenant, suffered a fifty percent loss of business. When no anchor tenant replaced Hy-Vee, the hardware store relocated in the space formerly occupied by Hy-Vee. The move proved unsuccessful and in January of 1981, after suffering severe losses, Henke closed the hardware store.
 
 
 5
 Henke contends that the defendants' actions have prevented other food stores from locating in the 22nd Street shopping center and thus constitute an unreasonable restraint of trade in violation of section 1 of the Sherman Act, 15 U.S.C. Sec. 1. Henke further contends that these actions effectively destroyed the 22nd Street shopping center as a competitor of Hy-Vee and that as the remaining tenant of the center it is the party most directly injured by these actions.
 
 
 6
 The issue on appeal is whether Henke has standing to bring this antitrust action. In McDonald v. Johnson & Johnson, 722 F.2d 1370 (8th Cir.1983), this court articulated a number of factors to be considered when determining whether a party has standing to bring an antitrust claim. These factors are:
 
 
 7
 (1) The causal connection between the alleged antitrust violation and the harm to the plaintiff; (2) Improper motive; (3) Whether the injury was of a type that Congress sought to redress with the antitrust laws; (4) The directness between the injury and the market restraint; (5) The speculative nature of the damages; (6) The risk of duplicate recoveries or complex damage apportionment.
 
 
 8
 Id. at 1374 (citing Associated General Contractors v. California State Council of Carpenters, 459 U.S. 519, 537-45, 103 S.Ct. 897, 908-12, 74 L.Ed.2d 723 (1983)). Applying these factors, we conclude that Henke, although injured, has not suffered the type of injury that the antitrust laws were intended to prevent. See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 487-88, 97 S.Ct. 690, 696-97, 50 L.Ed.2d 701 (1977).
 
 
 9
 The Sherman Act was enacted in order to protect "the economic freedom of participants in the relevant market." Associated General Contractors, 459 U.S. at 538, 103 S.Ct. at 909 (footnote omitted). Thus, to maintain a private antitrust action, a party must do more than claim improper motive and some causal connection between its injury and the defendants' activity. See id. at 537, 103 S.Ct. at 908. Rather, the party must demonstrate that it has suffered the type of injury Congress has intended "to redress in providing a private remedy for violations of the antitrust laws." Blue Shield of Virginia v. McCready, 457 U.S. 465, 483, 102 S.Ct. 2540, 2550, 73 L.Ed.2d 149 (1982). Such a showing may be made if the injury suffered by the party is "inextricably intertwined with the injury the conspirators sought to inflict on * * * the * * * [relevant] market." Id. at 484, 102 S.Ct. at 2551.
 
 
 10
 In the present case, Henke cannot make the necessary showing. Unlike the plaintiff in McCready who was a consumer within the market affected by the anticompetitive activity, id. at 480, 102 S.Ct. at 2549, Henke's hardware store was neither a competitor, participant, nor consumer within the retail grocery market. Rather, the only significant connection between Henke's hardware store and Hy-Vee's grocery store was one of proximity. Further, although the harm suffered by Henke may have been an incidental by-product of the conspirators' claimed anticompetitive action, it was neither a "necessary step" nor an "integral * * * aspect" of a conspiracy to restrain the retail grocery market. See id. at 479, 102 S.Ct. at 2548. Hence, Henke's injury was not inextricably intertwined with the injury inflicted on the retail grocery market. We conclude that the injury suffered by Henke, although arguably caused by defendants' actions, is not linked sufficiently to the procompetitive policy underlying the antitrust laws and is not antitrust-type injury. See Brunswick, 429 U.S. at 487-88, 97 S.Ct. at 696-97.
 
 
 11
 Even if Henke has suffered antitrust injury, the presence of more directly affected parties such as the various competitors, consumers, and participants within the retail grocery market "diminishes the justification for allowing a more remote party such as * * * [Henke] to perform the office of a private attorney general." Associated General, 459 U.S. at 542, 103 S.Ct. at 911 (footnote omitted). Further, the extent to which Henke's damages are related to Hy-Vee's claimed anticompetitive activity is too speculative and uncertain to confer standing. In large part, Henke relies on decreased consumer interest in the 22nd Street Shopping Center as a basis for its losses. To determine the extent to which Hy-Vee's activity caused this decrease, however, "would necessitate wide ranging speculation, particularly since diminished consumer activity at any given shopping area could result from myriad independent reasons unrelated to alleged antitrust violation." Southaven Land Co. v. Malone & Hyde, Inc., 715 F.2d 1079, 1088 (6th Cir.1983) (footnote omitted).
 
 
 12
 Given the lack of antitrust-type injury, the presence of more appropriate parties, and the speculative nature of Henke's injury, we conclude that Henke is not an appropriate party to maintain this antitrust action. We therefore affirm the district court's dismissal of this action.