**ALPHA SHOE SERVICE, Leroy E. Kendricks d/b/a Alpha Shoe Service; The Drug Store, Inc. d/b/a The Drug Store; Singer Jewelry, Inc. d/b/a Singer Jewelry; Ruskin Heights Barber Shop, Samuel R. Scarcello d/b/a Ruskin Heights Barber Shop; Ruskin Hardware, Inc. d/b/a Ruskin Sentry Hardware, Appellants,**

v.

**FLEMING COMPANIES, INC., Appellee.**

**Melva CARTER d/b/a Ruskin Center Salon, Appellant,**

v.

**FLEMING COMPANIES, INC., Appellee.**

No. 87–1775.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1988.

Decided June 16, 1988.

Sheridan Morgan, Kansas City, Mo., for appellants.

Reid E. Robison, Oklahoma City, Okl., for appellee.

Before FAGG, Circuit Judge, WRIGHT,* Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Plaintiffs, tenants of Ruskin Heights Shopping Center (Ruskin Center) located in Kansas City, Missouri, appeal from two adverse decisions of the district court. The court first dismissed the plaintiffs' federal and state antitrust claims against the defendant, Fleming Companies, Inc. (Fleming), an Oklahoma corporation and wholesale grocery supplier. The court later granted summary judgment in favor of Fleming on the plaintiffs' state tort claims. We affirm the district court in all respects.

Until 1982 the Great Atlantic and Pacific Tea Company (A & P) operated a grocery store in the anchor location of Ruskin Center. During the same period, Fleming supplied products to a competing grocery store that was the anchor tenant at Longview Shopping Center (Longview Center). Longview Center was located only four blocks from Ruskin Center. Through the purchase of several A & P grocery stores, Fleming became the assignee of the lease for the anchor tenant space in Ruskin Center. After the lease assignment, Fleming closed the A & P store in Ruskin Center and left the space empty. Fleming also placed a sign on the door of the former A & P store that directed consumers to the grocery store at Longview Center.

When Fleming did not fill the leased space with another anchor tenant, the plaintiffs sued. They asserted federal and state antitrust violations, *see* Sherman Act, 15 U.S.C. §§ 1, 2; Mo.Ann.Stat. § 416.031 (Vernon 1979), and, in addition, several state tort claims. Specifically, the plaintiffs maintained they were injured by Fleming because it kept the anchor tenant location empty for an extended period of time. According to the plaintiffs, the absence of an anchor tenant in Ruskin Center resulted in diminished consumer traffic at the shopping center and thus less business for them.

Fleming responded by filing a motion to dismiss the antitrust claims, and the district court granted the motion. The court concluded that under *Henke Enterprises, Inc. v. Hy–Vee Food Stores, Inc.*, 749 F.2d 488 (8th Cir.1984), the plaintiffs lacked standing to sue based on the federal antitrust laws. Similarly, the plaintiffs lacked standing to sue on their state antitrust claims because Missouri intended that its antitrust laws be construed in harmony with federal antitrust statutes. *See* Mo. Ann.Stat. § 416.141 (Vernon 1979).

Fleming also filed a motion for summary judgment on the plaintiffs' tort claims. The court granted this motion after determining that the plaintiffs had failed to make a sufficient showing on essential ele-

* The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

ments in their causes of action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Plaintiffs now appeal from both district court determinations.

 We first address the issue whether plaintiffs have standing to bring a private action under the federal antitrust laws. *See* 15 U.S.C. § 15. Congress enacted "[t]he Sherman Act * * * to protect 'the economic freedom of participants in the relevant market.'" *Henke Enters., Inc.*, 749 F.2d at 489 (quoting *Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 538, 103 S.Ct. 897, 908, 74 L.Ed.2d 723 (1983) (footnote omitted)). Here, Fleming's activities occurred in the grocery market. The plaintiffs were not competitors, participants, or consumers in that relevant market. In fact, the plaintiffs' connection to Fleming arose only from the plaintiffs' close physical proximity to Fleming's leased space in Ruskin Center. Although the plaintiffs may have been injured by Fleming's failure to keep an anchor tenant in its leased space, the injury did not arise from anticompetitive activity in an economic market in which plaintiffs participated. *See id.* at 489–90.

 The plaintiffs try to distinguish *Henke Enterprises, Inc.* by arguing the relevant market here was the "attraction of consumers." The plaintiffs, however, refer to no persuasive authority to support this broad definition of the relevant market. In addition, if this court were to accept the plaintiffs' market definition, we would expand the scope of the private antitrust action far beyond its intended bounds. A private antitrust action is not available to remedy every injury suffered by a player in the general economy. *See Associated Gen. Contractors*, 459 U.S. at 535–36, 103 S.Ct. at 907–08. Rather, to maintain a private antitrust action, a party's claimed injury must be sufficiently linked to the procompetitive policies underlying the antitrust laws. *See Henke Enters., Inc.*, 749 F.2d at 490; *see also id.* at 489.

As in *Henke Enterprises, Inc.*, the plaintiffs have not suffered an antitrust-type injury and thus do not have standing to sue under the federal antitrust laws. *Id.* at 489–90; *see Midwest Communications, Inc. v. Minnesota Twins, Inc.*, 779 F.2d 444, 450 n. 6 (8th Cir.1985), *cert. denied*, 476 U.S. 1163, 106 S.Ct. 2289, 90 L.Ed.2d 730 (1986); *see also General Indus. Corp. v. Hartz Mountain Corp.*, 810 F.2d 795, 809 (8th Cir.1987). Further, we agree with the district court that the plaintiffs also lack standing to sue on their state antitrust claims. *See* Mo.Ann.Stat. § 416.141.

We now turn to the summary judgment issue. After reviewing the record and the applicable legal principles, we conclude the district court properly granted summary judgment in favor of the defendant on the plaintiffs' state tort claims. *See Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

The district court's decisions are well reasoned. We affirm. *See* 8th Cir.R. 14.